UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  v. ) No. 3:04CR70 AS  )  BRYAN E. SPILMON (1) )  ADVANCED DENTAL )     CONSULTING, INC. (2) )  MOBILE DENTAL SERVICES )     OF INDIANA, INC. (3) ) | |

# PETITION TO ENTER A GUILTY PLEA

The defendant above named respectfully represents to the Court as follows:

1. My true name is BRYAN E. SPILMON and I request that all proceedings against me be had in the name which I here declare to be my true name.

2. I was born in the United States of America. I have attended school and I have the ability to read, write and speak the English language.

3. I am represented by counsel and my lawyers include Martin W. Kus and David P. Jones.

4. I have received a copy of the Superseding Indictment filed in August 2004 and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

5. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has since informed me and has counseled and advised with me as to the nature and cause of every accusation against me and as to any possible

defenses I might have in this case.

6. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

7. I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

(a) the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana which must return a unanimous verdict of GUILTY before I can be convicted;

(b) the right to be released on reasonable bail until my trial occurs;

(c) the right to see, hear and cross-examine all the witnesses against me at my trial;

(d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor at my trial;

(e) the right to the assistance of counsel at every stage of the proceedings, including upon an appeal if need be;

(f) the right not to testify without prejudice; and,

(g) that in the event that I should be found GUILTY of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

8. I understand, also, that if I plead GUILTY, I waive the right to trial by jury and all of the other rights mentioned above.

9. Notwithstanding the above, the defendants Bryan E. Spilmon, Advance Dental Consulting, Inc., and Mobile Dental Services, Inc., have, with the assistance of counsel, entered

into an agreement with the United States Attorney's Office for the Northern District of Indiana as follows:

(a) Defendant Bryan E. Spilmon agrees to plead guilty to Counts 1 through 12 and Count 52 of the Superseding Indictment, which charge me with healthcare billing fraud and money laundering. Defendant Bryan E. Spilmon agrees to plead guilty to these charges because he is in fact guilty of these offenses. Defendants Advance Dental Consulting, Inc. and Mobile Dental Services, Inc., two corporations that Bryan E. Spilmon controls and owns, agree to plead guilty to Counts 1 through 12 of the Superseding Indictment, which charge healthcare billing fraud. Defendant Advance Dental Consulting, Inc. agrees to plead guilty to Count 52 of the Superseding Indictment, which charge money laundering. These two corporations are guilty of these offenses as well;

(b) The defendants admit that in 2001 Spilmon started a new dental practice utilizing a mobile dental unit. The mobile dental unit consisted of a fifth-wheel trailer outfitted with dental equipment. During the time of the fraud and conspiracy, this trailer was towed to various locations in the Northern District of Indiana, including Fort Wayne, South Bend, and Mishawaka, Indiana.

The dental practice operated out of the mobile unit by Spilmon and the other defendants focused primarily on treating patients who were under the age of 21 and who were Medicaid eligible.

Medicaid is a federally-assisted grant program for the states. Medicaid enables the states to provide medical and dental assistance and related services to needy individuals, including disabled individuals and indigent families with dependent children. The Health Care Finance Administration (HCFA), a component of the United States Department of Health and Human Services (HHS), administers Medicaid on the federal level. Within broad federal rules, however, each state decides who is eligible for Medicaid, the services covered, payment levels for services, and administrative/operational procedures. The state directly pays the providers of Medicaid services, with the state obtaining the federal share of the payment from accounts drawn on funds of the United States Treasury. The federal share of each state's Medicaid program varies by individual states. The federal share in Indiana is approximately two-thirds; the state share is approximately one third.

The State of Indiana through its Family and Social Services Administration participates in the Medicaid program (hereinafter Indiana Medicaid). Indiana Medicaid is a public health plan affecting interstate commerce under which medical and dental benefits, items, and services are provided to individuals.

The United States has provided funds to Indiana through the Medicaid

program pursuant to the Social Security Act.  Enrolled providers of dental services to Medicaid patients are eligible for reimbursement for covered services under the provisions of the Social Security Act.  By becoming a participating provider in Indiana Medicaid, enrolled providers agree to abide by the rules, regulations, policies, and procedures governing reimbursement, and to keep and allow access to records and information as required by Indiana Medicaid.

Indiana Medicaid reimburses enrolled health care providers, including dentists, for covered services and supplies that are provided to patients who are Medicaid-eligible on the date of the provided service.  Indiana Medicaid providers are required to abide by and comply with all federal and state statues and regulations pertaining to the Indiana Medicaid program.

In order for Indiana Medicaid to pay a dental provider for a covered service or item, the provider must submit a claim either electronically or in written form to Indiana Medicaid (including its contracted representative) stating all of the required information, including the service provided, the date of service, the code that corresponds to the service provided and the identity of the Medicaid patient receiving the service.  The Indiana Medicaid program further required that the code numbers used in the billing process come from the American Dental Association's Code of Dental Terminology or CDT.

Providers enrolled in the Indiana Medicaid program agree to submit claims for only medically and reasonably necessary services that are covered under the program that are actually provided and to only seek compensation to which the provider is legally entitled.  Under the Indiana Medicaid Provider Agreement the State of Indiana entered into with all Medicaid providers, including the defendants here, Medicaid providers are prohibited from submitting claims for services that are not medically necessary or are not actually provided or for which the provider is otherwise not legally entitled to receive payment.  Providers further agree to promptly refund any duplicate or erroneous Medicaid payments received in error.

In late May - June 2001, defendant Bryan E. Spilmon submitted a written update of his provider application to Indiana Medicaid.  Spilmon submitted this update using the corporate name of defendant Advanced Dental Consulting, Inc. with the address of 960 N. Old Orchard Drive, Warsaw, Indiana.  Spilmon listed himself as the President and the owner of Advanced Dental Consulting, Inc. and his wife Diane Spilmon as the billing agent for the corporation.

Advanced Dental Consulting, Inc. ("ADC") is an Indiana corporation that was incorporated by Spilmon in 1999.  Its home base of operations from at least 2000 through 2003 was 960 N. Old Orchard Drive, Warsaw, Indiana.

Defendant Bryan Spilmon was at all relevant times a dental provider in the

Medicaid Program. Spilmon's signed a Medicaid Provider Agreement dated May 24, 1999 for enrollment of his private dental practice and a Medicaid Provider Agreement dated May 26, 2001 for enrollment of his mobile dental unit. He was assigned Medicaid Number 100159280 as Bryan E. Spilmon, DDS from January 1, 1990 until May 30, 2001. On March 31, 1999, Medicaid provider number 200267870 was assigned to Advanced Dental Consulting. Inc., Bryan E. Spilmon, President. Advanced Dental Consulting, Inc. (ADC) billed primarily under Medicaid provider number 200267870.

Defendant Bryan Spilmon, in addition to his interests listed above, was a principal of Mobile Dental Services of Indiana, Inc. and Dental Associates of Indiana, Inc. Mobile Dental Services of Indiana, Inc. was a business entity that Spilmon and ADC used to communicate with state and local facilities and to arrange for the mobile dental unit to see and treat juvenile patients at these facilities.

Dental Associates of Indiana, Inc. was an Indiana corporation that was incorporated by Spilmon in 2002. Its home base of operations from at least 2002 through 2003 was 960 N. Old Orchard Drive, Warsaw, Indiana. Defendant Mobile Dental Services of Indiana, Inc. was an Indiana corporation that was incorporated in July 2002 with an address of 960 N. Old Orchard Drive, Warsaw, Indiana.

From in or around 2001 to in or around 2003, in the Northern District of Indiana, defendants Bryan E. Spilmon, Advanced Dental Consulting, Inc., and Mobile Dental Services of Indiana, Inc. (the "defendants") knowingly and willfully executed and attempted to execute a scheme and artifice to defraud Indiana Medicaid, a health care benefit program, and to obtain by means of false and fraudulent pretenses, representations, and promises money owned by and under the custody and control of Indiana Medicaid in connection with the delivery of and payment for health care benefits, items and services.

As part of the fraud scheme, the defendants and their agents towed the mobile dental unit behind a truck and parked it at various state and local facilities in northern Indiana. The defendants would then arrange to treat juveniles from these facilities at these locations, including in Fort Wayne, South Bend, and Mishawaka, Indiana.

As part of the fraud scheme, the defendants caused fraudulent billing claims for services to be sent to Indiana Medicaid and its contracted representative for payment. In particular, the defendants caused billings and claims for reimbursements to be sent to Indiana Medicaid for reimbursement for treatments and diagnostic procedures that were never in fact provided to the patients, were not medically necessary and reasonable, or for which they were not entitled to bill Medicaid because they as the provider did not document the need for the procedure or failed to document that the procedure was even provided to the patient.

As part of the fraud scheme, Bryan Spilmon directed his Medicaid biller Ken Slis to bill Indiana Medicaid for procedures that were not marked on the patient treatment/billing sheet and that were never done. Pursuant to instructions from Spilmon, this biller added procedures to the treatment/billing sheet after the sheet had been completed by the treating dentist at the mobile dental unit.

As part of the fraud scheme, the defendant's Medicaid biller Ken Slis added dates of service to the treatment/billing sheets for dates that the patient was not seen or treated by the defendant at the mobile dental unit so that additional procedures could be billed to Indiana Medicaid and a higher payment and reimbursement from Indiana Medicaid could be obtained.

As part of the fraud scheme, the defendant's Medicaid biller Ken Slis backdated dates of service so that the defendants could bill Indiana Medicaid with respect to patients who were not Medicaid-eligible on the dates that they were actually treated and seen by the dentist and other personnel at the mobile dental unit.

As part of the fraud scheme, the defendants took and billed Indiana Medicaid for what were known as TMJ and cephalometric x-rays on virtually all patients (in addition to bitewing and panoramic x-rays) despite the fact that these TMJ and cephalometric x-rays were not medically necessary and reasonable and the justification for these additional x-rays was not documented.

As part of the fraud scheme, the defendants caused billings and claims to be sent to Indiana Medicaid for reimbursement for what were known as indirect pulp caps, biopsy of oral tissues, resin fillings, and occlusal orthotic devices when these procedures and treatments were not medically necessary and reasonable.

Indiana Medicaid regulations and directives required that the medical necessity for dental services billed to Medicaid were to be documented in the records for each patient by the Medicaid provider. The patient records maintained by the defendants did not substantiate the billings and claims to Indiana Medicaid for TMJ x-rays, cephalometric x-rays, indirect pulp caps, biopsy of oral tissues, and occlusal orthotic devices.

As a further part of the fraud scheme, the defendants caused fraudulent billings and claims to be sent to Indiana Medicaid for services that were also never in fact provided. The defendants billed for hundreds of gingivectomies, indirect pulp caps, and osseous surgeries that were never provided to the patients.

In particular, in order to execute their fraud, the defendants caused Indiana Medicaid to be billed more than $1.3 million dollars for more than 750 osseous surgeries (CDT code D4260) purportedly rendered to Medicaid patients during the period from 2001 through 2003. Pursuant to these fraudulent billings, the defendant and entities

6

owned or controlled by the defendant were paid more than $1.3 million by Indiana Medicaid for these procedures. Indiana Medicaid should not have been billed for any osseous surgeries because the treating dentists did not actually perform ossoeous surgeries as indicated on the Medicaid billings;

In particular, in order to execute their fraud, the defendants caused Indiana Medicaid to be billed more than $250,000 dollars for indirect pulp caps (CDT code D3120) purportedly rendered to Medicaid patients during the period from 2001 through 2002. Pursuant to these fraudulent billings, the defendant and entities owned or controlled by the defendant were paid more by Indiana Medicaid for these procedures. At least $61,000 of the amounts paid by Indiana Medicaid for these indirect pulp caps should never have been billed to Indiana Medicaid or paid to the defendants because these indirect pulp cap services were not in fact performed as indicated on the billings.

In particular, in order to execute their fraud, the defendants caused Indiana Medicaid to be billed more than $143,000 dollars for TMJ x-rays (CDT code D0321) purportedly rendered to Medicaid patients during the period from 2001 through 2003. Pursuant to these fraudulent billings, the defendant and entities owned or controlled by the defendant were paid more than $137,000 by Indiana Medicaid for these procedures. Indiana Medicaid should not have been billed for approximately $137,000 for TMJ x-rays because the records maintained by the defendants failed to document or justify the use of TMJ x-rays for the patients.

In particular, in order to execute their fraud, the defendants caused Indiana Medicaid to be billed more than $39,000 dollars for cephalometric x-rays (CDT code D0340) purportedly rendered to Medicaid patients during the period from 2001 through 2003. Pursuant to these fraudulent billings, the defendants and entities owned or controlled by the defendants were paid more than $38,000 by Indiana Medicaid for these procedures. Indiana Medicaid should not have been billed for any cephalometric x-rays because the records maintained by the defendants failed to document or justify the use of such x-rays for the patient.

In particular, in order to execute their fraud, the defendants caused Indiana Medicaid to be billed more than $169,000 dollars for oral biopsies (CDT code D7286) purportedly rendered to Medicaid patients during the period from 2001 through 2003. Pursuant to these fraudulent billings, the defendant and entities owned or controlled by the defendants were paid more than $169,000 by Indiana Medicaid for these procedures. These amounts should never have been billed to Indiana Medicaid or paid to the defendants because these surgical oral biopsies were not in fact performed as indicated on the billings or were not medically necessary.

In particular, in order to execute their fraud, the defendants caused Indiana Medicaid to be billed more than $141,000 dollars for more than 1200 gingivectomies (CDT code D4211) purportedly rendered to Medicaid patients during the period of 2003.

Pursuant to these fraudulent billings, the defendant and entities owned or controlled by the defendant were paid more than $140,000 by Indiana Medicaid for these procedures. Indiana Medicaid should not have been billed for any gingivectomies purportedly done between July 2003 and October 2003 because the treating dentist did not actually perform gingivectomies during that period as indicated on the Medicaid billings.

In particular, in order to execute their fraud, the defendants caused Indiana Medicaid to be billed more than $37,000 dollars for drugs and medicaments (CDT code D9630) purportedly provided to Medicaid patients during the period of 2001 through 2002. Pursuant to these fraudulent billings, the defendant and entities owned or controlled by the defendant were paid more than $14,000 by Indiana Medicaid for these items. Indiana Medicaid should not have been billed for $9,600 of these drugs and medicaments because there was a lack of documentation for these items and further because the defendants added these items to the treatment/billing sheet after the fact.

In particular, in order to execute their fraud, the defendants caused Indiana Medicaid to be billed more than $78,000 dollars for occlusal orthotic devices (CDT code D7880) purportedly rendered to Medicaid patients during the period from 2001 through 2002. Pursuant to these fraudulent billings, the defendant and entities owned or controlled by the defendant were paid more than $76,000 by Indiana Medicaid for these procedures. At least $76,000 of these amounts should never have been billed to Indiana Medicaid or paid to the defendants because these occlusal orthotic devices (essentially mouthguards) were not medically necessary and reasonable and the provision of these devices was not adequately supported by documentation.

In particular, in order to execute their fraud, the defendants caused Indiana Medicaid to be billed more than $5,000 dollars for limited occlusal adjustments (CDT code D9951) purportedly rendered to Medicaid patients during the period from 2001 through 2002. Pursuant to these fraudulent billings, the defendant and entities owned or controlled by the defendant were paid more than $5,000 by Indiana Medicaid for these procedures. Indiana Medicaid should not have been billed for the full amount billed for limited occlusal adjustments because such adjustments could not properly be billed to Indiana Medicaid when they were done simply in conjunction with fillings put in by the defendants.

In particular, in order to execute their fraud, the defendants caused Indiana Medicaid to be billed more than $169,000 dollars for complete occlusal adjustments (CDT code D9952) purportedly rendered to Medicaid patients during the period from 2001 through 2002. Pursuant to these fraudulent billings, the defendant and entities owned or controlled by the defendants were paid more than $162,000 by Indiana Medicaid for these procedures. Indiana Medicaid should not have been billed for the full amount billed for complete occlusal adjustments because such adjustments could not properly be billed to Indiana Medicaid when they were done simply in conjunction with fillings put in by the defendants.

In particular, in order to execute their fraud, the defendants caused Indiana Medicaid to be billed more than $17,000 dollars for pathologies (CDT code D0474) purportedly done for Medicaid patients during the period from 2001 through 2002. Pursuant to these fraudulent billings, the defendant and entities owned or controlled by the defendant were paid more than $15,000 by Indiana Medicaid for these procedures. Indiana Medicaid should not have been billed for any such pathologies because these tests were not medically necessary.

In particular, in order to execute their fraud, the defendants caused Indiana Medicaid to be billed more than $245,000 dollars for more than 12,000 pulp vitality tests (CDT code D0460) purportedly rendered to Medicaid patients during the period from 2001 through 2002. Pursuant to these fraudulent billings, the defendant and entities owned or controlled by the defendant were paid more than $243,000 by Indiana Medicaid for these procedures. Approximately $230,000 of these amounts should never have been billed to Indiana Medicaid or paid to the defendants because these tests were not in fact performed as indicated on the billings and because it was proper to bill only one pulp vitality test per patient per visit.

On November 20, 2003, defendants Bryan Spilmon and Advanced Dental Consulting, Inc. knowingly engaged in a monetary transaction through a financial institution, affecting interstate commerce, in criminally-derived property in the amount of $660,000 by withdrawing $660,000.00 from account no. 21243. This money was derived from a specified unlawful activity, that is, the healthcare billing fraud outlined in Counts 1 through 12 of the Superseding Indictment.

(c)     Defendant Bryan Spilmon understands that the maximum penalties for a violation of in violation of 18 U.S.C. § 1347 as charged in Counts 1 through 12 of the Indictment against him individually are: a maximum of 10 years imprisonment, a $250,000 fine, or a combination of both imprisonment and a fine, as well as a three-year period of supervised release to follow any term of imprisonment and a mandatory special assessment of $100.  I understand that the maximum penalties for a violation of 18 U.S.C. § 1957 as charged in Count 52 of the Indictment against him individually are: a maximum of 10 years imprisonment, a $1,320,000 fine, or a combination of both imprisonment and a fine, as well as a three-year period of supervised release to follow any term of imprisonment and a mandatory special assessment of $100. Defendants further understand that criminal forfeiture, as set out in the Superseding Indictment, is applicable here. Defendants Advance Dental Consulting, Inc. and Mobile Dental Services, Inc., understand that they face $500,000 in fines per felony count of conviction here as well as $400 in special assessments for each count of conviction;

(d)     The defendants understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. The defendants understand that the Court has jurisdiction and authority to impose any sentence within the statutory

maximum set for my offense(s) as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any forfeiture order, any restitution order imposed, or the manner in which my conviction, the sentence, asset forfeiture, or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255;

     (e)    The parties specifically agree that the loss from the healthcare billing fraud was $2,432,963.25. The parties further specifically agree that defendant Spilmon used his special skills as a licensed dentist to commit the fraud in Counts 1 through 12. Further, the parties agree that the defendants' offenses were committed through mass marketing;

     (f)    Defendants Bryan E. Spilmon, Advance Dental Consulting, Inc. and Mobile Dental Services, Inc. specifically agree to pay full restitution in this case, including the $2,432,963.25 loss from the healthcare billing fraud and $70,392.60 for investigative costs incurred by the Indiana State Attorney General's Office, Medicaid Fraud Control Unit;

     (g)    The defendants fully understand that the United States of America has reserved the right to tell the Sentencing Court the good things about them, and the bad things about them, and has reserved the right to fully inform the Court of the nature and extent of their offense(s);

     (h)    The government agrees that in recognition of the defendants' acceptance of responsibility for the offense conduct, the defendants are entitled to a reduction in the offense level under Guideline § 3E1.1; however, the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon the defendants' continuing manifestation of acceptance of responsibility. Should the defendants deny any involvement, give conflicting statements of involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility. The defendants understand that the government's recommendation in this respect is a non-binding recommendation and that the Court makes the final decision whether to reduce the defendants' offense level at all and to what extent for acceptance of responsibility. The government agrees that it will make an appropriate motion for a third level of acceptance of responsibility reduction indicating timely acceptance of responsibility as long as the defendants continue to manifest full and complete acceptance of responsibility;

(i) The defendants acknowledge that there are no grounds for any downward sentencing departures by them and agree that they will not seek any such downward departures at the sentencing in this case;

(j) The United States and defendant Bryan E. Spilmon agree that defendant Spilmon will be sentenced to 57 months imprisonment to be followed by three years supervised release. This binding agreement is submitted pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The United States agrees to dismiss the remaining Counts of the Superseding Indictment as well as the original Indictment at the time of sentencing as against the pleading defendants and as against the non-pleading remaining defendants;

(k) Bryan E. Spilmon along with Advance Dental Consulting, Inc. and Mobile Dental Services, Inc. agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes but is not limited to rights conferred by the Freedom of Information Act and the Privacy Act of 1974;

(l) Defendant Spilmon hereby agrees to pay the $1300 in special assessments that he owes within 30 days of his sentencing in this matter. Defendants Advance Dental Consulting, Inc. and Mobile Dental Services, Inc. agree to pay their special assessments that each owes within 30 days of sentencing in this matter;

(m) DefendantsBryan Spilmon along with Advance Dental Consulting, Inc. and Mobile Dental Services, Inc. shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(7) the following personal property that constitutes or was derived directly or indirectly from gross proceeds traceable to the commission of the offenses to which the defendants are pleading guilty:

**Vehicles**

a. 2002, Lexus, SC430, License Plate No. 43A1376,
VIN # JTHFN48Y920033111
b. 2002, Lexus, LS430, License Plate No. 43A1377,
VIN # JTHBN30F720082911
c. 2002, Subaru, Legacy Outback, License Plate No. 43B3195,
VIN # 4S3BH806027607630
d. 2002, Ford, Thunderbird, License # 43A939,
VIN # 1FAHP60A12Y109314
e. 2004 Winnebago unit, model 2004WFG355,
serial number 24G75E234073, VIN # 1FCNF53S130A06103

## Financial Accounts

All United States currency funds or other monetary instruments credited to the following financial institution accounts:

| Financial Institution | Account No. | Name on Account |
|---|---|---|
| Campbell & Fetter Bank<br>Kendallville, IN | 212754 | Dental Associates of Indiana, Inc. |
| Campbell & Fetter Bank<br>Kendallville, IN | 21243 | Advanced Dental Consulting |
| Campbell & Fetter Bank<br>Kendallville, IN | 1028224 | Be Free LP |
| Campbell & Fetter Bank<br>Kendallville, IN | 1028232 | Pen Fun LP |
| Mid Ohio Securities/<br>Equity Trust Co. | 27551 | Diane R. Spilmon IRA |
| Mid Ohio Securities/<br>Equity Trust Co. | 33705 | Diane R. Spilmon Roth IRA |
| Mid Ohio Securities/<br>Equity Trust Co. | 23597 | Diane R. Spilmon IRA |
| Cincinnati Life | 2713045K | Bryan E. Spilmon |
| Allianz | 21243831 | Bryan E. Spilmon |
| Equity Trust Co. | 27549 | Bryan E. Spilmon |
| Equity Trust Co. | 27550 | Bryan E. Spilmon |
| Cincinnati Life | 2713046K | Diane R. Spilmon |
| Allianz | 70001925 | Bryan E. Spilmon |
| Allianz | 70001926 | Bryan E. Spilmon |
| Allianz | 70001927 | Bryan E. Spilmon |

| | | |
|---|---|---|
| Allianz | 6495823 | Dyane LP |
| Allianz | 6760835 | Dyane LP |
| JNL | 007070920A | Dyane LP |
| Allianz | 6495845 | Dyane LP |
| Allianz | 6495878 | Dyane LP |
| Equity Trust Co. | 33706 | Bryan E. Spilmon |
| Allianz | 70003150 | Bryan E. Spilmon |
| Allianz | 70003151 | Bryan E. Spilmon |
| Allianz | 70003155 | Bryan E. Spilmon |
| Allianz | 70003157 | Bryan E. Spilmon |
| Allianz | 70003159 | Bryan E. Spilmon |
| Allianz | #70003160 | Bryan E. Spilmon |
| Allianz | 70003162 | Bryan E. Spilmon |
| Allianz | #70003163 | Bryan E. Spilmon |
| Allianz | 70003164 | Bryan E. Spilmon |
| Allianz | 70003166 | Bryan E. Spilmon |
| Allianz | 31113002 | Bryan E. Spilmon |
| Allianz | 31113081 | Bryan E. Spilmon |
| Allianz | 31113115 | Bryan E. Spilmon |
| Allianz | 31113161 | Bryan E. Spilmon |
| Allianz | 31113217 | Bryan E. Spilmon |
| Allianz | 31113228 | Bryan E. Spilmon |

| | | |
|---|---|---|
| Allianz | 31113241 | Bryan E. Spilmon |
| Allianz | 31113296 | Bryan E. Spilmon |
| American General Life Insurance Company | UM0017091L | Bryan E. Spilmon |

     Pursuant to Title 18, United States Code, Section 982(a)(1), defendant Bryan Spilmon along with defendants Advance Dental Consulting, Inc. and Mobile Dental Services, Inc. shall forfeit to the United States the following property: the mobile dental unit 2001 Travel Supreme Fifth Wheel, license plate no. RV50720 (VIN # 4TKFW403011005042) and all dental equipment on that unit as well as the Chevy one-ton 4x4 truck (VIN #1GCJK39G61F107567), license plate no. 20076C.  This property was involved in and was used to commit and to facilitate the commission of the offenses to which the defendants are pleading guilty.

     The defendants pleading guilty and the other defendants named in the Superseding Indictment agree that they hereby waive any and all interests in the above listed property and will execute any and all necessary papers and documents to effect and enable the forfeiture to the United States of America of each of these assets;

     (n)    Within 14 days of the entry of the guilty pleas pursuant to this agreement, each of the individual defendants indicted and the corporate defendants indicted shall submit to the United States Attorney's Office for the Northern District of Indiana a full and complete financial statement and listing of all assets and liabilities for each of them, *including any assets over which they have any direct or indirect control or association*.  The financial statements shall made under penalties of perjury with a certification by each defendant that each and every asset and liability has been listed and properly delineated on the financial statement provided.  The financial statements for the indicted entities shall be signed by and certified by the individual defendants as well;

     (o)    Upon the successfulfinal forfeiture to the United States of the assets listed in paragraph 9(m) of this plea agreement, the United States shall allocate up to 50% of the value of the assets forfeited and in no event more than $1,200,000 to the payment of the restitution obligation by the defendants in this case.  The remaining restitution amounts shall remain the joint and several obligation and liability of the defendants pleading guilty pursuant to this plea agreement;

     (p)    The United States shall release its interest in the following four financial accounts up to the value of $300,000 (any funds in excess of that amount belongs to the United States and shall be forfeited to the United States as part of the asset of paragragph 9(m)):

| | | |
|---|---|---|
| JNL | 007070920A | Dyane LP |
| Allianz | 6495845 | Dyane LP |
| Allianz | 6495878 | Dyane LP |
| Allianz | 6760835 | Dyane LP |

(q)　Other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed or any other matter.

10.　I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

11.　I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

12.　I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this petition.

13. I understand and acknowledge that this petition, once filed with the Court, is a public document and available for public viewing.

          s/ Bryan E. Spilmon

          Bryan E. Spilmon
          Defendant

          s/ Bryan E. Spilmon
          Bryan E. Spilmon for
          Advanced Dental Consulting, Inc.
          Defendant

          s/ Bryan E. Spilmon
          Bryan E. Spilmon for
          Mobile Dental Services of Indiana, Inc.
          Defendant

          s/ Martin W. Kus
          Martin W. Kus
          Attorney for defendants
          Bryan E. Spilmon,
          Advanced Dental Consulting, Inc., and
          Mobile Dental Services of Indiana, Inc.

          s/ Diane Spilmon

          Diane Spilmon
          Defendant

          s/ Robert W. Gevers II

          Robert W. Gevers II
          Attorney for Defendant Diane Spilmon

          s/ Diane Spilmon

          Be Free LP
          Defendant

                        s/ Diane Spilmon
                        _____
                        Pen Fun LP
                        Defendant

                        s/ Bryan Spilmon
                        _____
                        Quixotic LP
                        Defendant


APPROVED:

    JOSEPH S. VAN BOKKELEN
    UNITED STATES ATTORNEY

    s/ Donald J. Schmid

By:  _____
    Donald J. Schmid
    Assistant United States Attorney