UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:04cr0070 AS |
| | ) | |
| BRYAN E. SPILMON (1) | ) | |
| ADVANCED DENTAL CONSULTING, | ) | |
| INC. (2) | ) | |
| MOBILE DENTAL SERVICES OF | ) | |
| INDIANA, INC. (3) | ) | |
| DIANE SPILMON (4) | ) | |
| BE FREE, LP (5) | ) | |
| PEN FUN LP (6) and | ) | |
| QUIXOTIC LP (7) | ) | |

*MEMORANDUM   OPINION AND ORDER*

This court now takes full judicial notice of the entire record in this case.  Necessarily the focus must be on the proceedings held in this court on February 23, 2005 in which the defendant, Bryan E. Spilmon, testified under oath.  This court has had available the full transcript of that proceeding and has examined it very carefully.  For immediate reference, that transcript is now incorporated herein and adopted as Appendix "A" hereto.  Since that proceeding, there has been an extremely wide array of filings on behalf of the defendant Bryan E. Spilmon which have been adopted by other defendants in this case.  With such an array of filings containing a wide variety of allegations of alleged misconduct and indeed alleged criminal conduct, the immediate instinct of a federal district trial judge would be to set all of these matters for hearing and wade through them and make appropriate findings.  That experienced instinct caused this court to set the matter here for June 16, 2005.  After

long reflection and careful consideration of the unquestioned applicable law in this circuit, this court has decided to lay aside its instincts for a massive elaborate hearing and to follow what it conceives as the clear mandates of the law in this circuit. In doing so, it was never the intent of this court to create any inconvenience to anyone involved in this case. It is simply the conclusion here that the demands of the law are clear and this court must follow them.

It is not seriously contended here that the plea proceedings involving the defendant Bryan E. Spilmon were in some way in violation of Rule 11 of the Federal Rules of Criminal Procedure. Quite to the contrary. It is more than tacitly admitted that there was indeed such compliance. The decision that tipped the scales in favor of the actions taken by this court were of very recent origin. A recent decision of the Court of Appeals squarely applies here. In fact, the factual setting of this case is even less egregious for a possible withdrawal of plea than the one there. That recent decision of the Seventh Circuit is built on a solid foundation of case law stretching back over at least two decades. *See United States v. Cieslowski*, No. 03-2890 (7th Cir. June 1, 2005).

As a matter of fact, the plea proceedings here were under oath. In looking at an extensive list of cases in this circuit, one found in which the plea proceedings were clearly under oath was *United States v. Trussel*, 961 F.2d 685, 689 (7th Cir. 1992):

> One especially important consideration is the defendant's answers to the questions posed at his Rule 11 hearing. We accord the record created by a Rule 11 inquiry a "presumption of verity." *United States v. Ellison*, 835 F.2d 687, 693 (7th

>Cir.1987). " '[R]ational conduct requires that voluntary responses made by a defendant [when entering a guilty plea] ... be binding.' " *United States v. McFarland*, 839 F.2d 1239, 1242 (7th Cir.1989) (quoting *Ellison*, 835 F.2d at 693). A defendant who presents reason for withdrawing his plea that contradicts the answers he gave at a Rule 11 hearing faces an uphill battle in persuading the judge that his purported reason for withdrawing his plea is "fair and just." Cf. *United States v. Stitzer*, 785 F.2d 1506, 1514 & n. 4 (11th Cir.1986) (no evidentiary hearing required on motion to withdraw plea in light of extensive Rule 11 inquiries court made before accepting plea). Since the trial judge, who is most familiar with the record and had the actual opportunity to observe the defendant during *690 the Rule 11 hearing, is in the best position to determine whether a proffered reason is, in context, "fair and just," we review the decision not to hold an evidentiary hearing deferentially. See *Suter*, 755 F.2d at 525-26 (applying clearly erroneous standard of review).

*See United States v. McFarland*, 839 F.2d 1239 (7th Cir. 1988), as well as *United States v. Stewart*, 198 F.3d 984, 986 (7th Cir. 1999) which states:

>Stewart had sung a different song when entering his plea, however. Under oath, he not only admitted all of the elements of the offense but also admitted owning and possessing the cocaine that his brother's affidavit later claimed that Stewart had never touched. Stewart also swore that he knew that 60 months' imprisonment was the minimum he could receive, that the maximum was 480 months, that he could not rely on receiving any particular sentence, and that no one had made any assurances concerning the sentence he would receive. If what he told the judge when entering his plea was true, then everything he told the judge when seeking to withdraw that plea was false (and the reverse). Stewart attempted to explain away his evident perjury:
>
>>I just was swearing under oath because I already knew that the plea bargain and everything was set up. So I was just saying anything to go along with

3

> the plea because I didn't want my plea to get took back.... [T]he only reason I set there and said I was guilty and swore under oath so many times is because I already had in my mind that I had 60 months coming. No matter what you said and no matter what question you asked me, I already had it in my mind that I had 60 months coming. So I was just answering all your questions just to be answering them, whether they were truthful or not.
>
> The district judge was not impressed by this "justification" for perjury on top of drug dealing and denied the motion to withdraw the plea. Because the judge concluded that by procuring his brother's affidavit Stewart had frivolously denied relevant conduct (that is, had denied a drug transaction to which he had already admitted under oath at the plea hearing), the judge declined to deduct three offense levels under U.S.S.G. § 3E1.1.

These cases clearly support the result reached here. So do *United States v. Messino*, 55 F.3d 1241 (7th Cir. 1995) and *United States v. Hodges*, 259 F.3d 655 (7th Cir. 2001). This court does not conceive that this record triggers proceedings under *United States v. Croll*, 992 F.2d 755 (7th Cir. 1993). These circuit authorities do not require this court to here decide whether this defendant was lying on February 23, 2005 or now or vice versa. These decisions seriously inhibit the withdrawal of a plea when the plea proceedings have been under oath. It seems that basically the same rules apply when pleas are not under oath. Under the case law in this circuit, it is extremely difficult for a defendant who enters a plea of guilty under oath which complies with Rule 11 to wiggle out of it. To put it bluntly but not disrespectfully, it is this court's firm conviction that the case law in this circuit does not

4

require this court to wade through the elaborate allegations that this defendant has attempted to place before it. In fact, some but certainly not all of the case law authorize a summary and quick resolution of the issues to withdraw. That has certainly not been the case here. The parties and counsel have been given a full opportunity to spread of record a wide array of contentions and counter-contentions. In the last analysis, however, it all goes back to the carefully conducted plea proceedings as explicated here. In order to fill out this record, it is necessary for this court to proceed with the sentencing of the defendant Bryan E. Spilmon. At that sentencing, the court will take up the question, in fact two questions, one, whether an appeal can be taken or permitted, and secondly, whether it is appropriate to stay the execution of any sentence until any such appeal is completed. Although the decision has not been firmly made yet, this court will look favorably on both options. In the remote chance that this court is somehow in error, such would avoid him spending time in prison in the very immediate future. Basic fairness and due process even in this context would favor the exercise of that discretion. Sentencing of the defendant, Bryan Spilmon, is now set for **Friday, July 8, 2005 at 10:30 a.m.  IT IS SO ORDERED**.

**DATED:**  June 20, 2005

                                           **S/ ALLEN SHARP**
                                           **ALLEN SHARP, JUDGE**
                                           **UNITED STATES DISTRICT COURT**